UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GARY WATERS,

                Petitioner,

**OPINION & ORDER**
**CV-12-4205 (SJF)**

-against-

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 2 1 2013   ★

LONG ISLAND OFFICE

WILLIAM J. CONNOLLY,

                Respondent.
------------------------------------------------------X
FEUERSTEIN, J.

On December 28, 2007, a judgment of conviction was entered against *pro se* petitioner Gary Waters ("petitioner") in the County Court of the State of New York, Suffolk County (Braslow, J.) ("the County Court"), upon his plea of guilty to three (3) counts of burglary in the second degree (N.Y. Penal Law § 140.25) and imposition of sentence. On or about August 20, 2012, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is respondent's motion to dismiss the petition as untimely. Petitioner has not opposed the motion. For the reasons set forth herein, respondent's motion is granted and the petition is dismissed in its entirety with prejudice.

I.    BACKGROUND

On December 4, 2007, petitioner entered a plea of guilty to all counts of an indictment charging him with three (3) counts of burglary in the second degree in violation of Section 140.25 of the New York Penal Law, (P. 3-4), with the understanding, according to his defense counsel, that he would be sentenced to a determinate term of imprisonment of twelve (12) years to run

1

concurrently to a "Nassau County sentence of [eight] 8 years." (P. 2). Prior to petitioner entering his plea of guilty, the County Court indicated, *inter alia*: "And there's 5 years post release supervision which is under the statute." (P. 3).

On December 28, 2007, a judgment of conviction was entered against petitioner in the County Court upon his plea of guilty to three (3) counts of burglary in the second degree and imposition of sentence to concurrent determinate terms of imprisonment of twelve (12) years, to be followed by a period of post-release supervision for five (5) years, on each count, to run concurrently with a Nassau County sentence petitioner was then serving. (S. 3).

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("the Appellate Division") on the ground that the County Court's purported failure to advise him of the post-release supervision aspect of his sentence at the time he entered his plea of guilty required reversal. By order dated May 19, 2009, the Appellate Division affirmed the judgment of conviction. People v. Waters, 62 A.D.3d 915, 878 N.Y.S.2d 627 (2d Dept. 2009). On September 30, 2009, the New York State Court of Appeals denied petitioner's application for leave to appeal the May 19, 2009 order of the Appellate Division. People v. Waters, 13 N.Y.3d 800, 887 N.Y.S.2d 549, 916 N.E.2d 444 (N.Y. 2009). Thus, petitioner's judgment of conviction became final on December 30, 2009, when his time expired to seek direct review by writ of certiorari to the United States Supreme Court. See Rule 13(1) of the Rules of the Supreme Court of the United States; 28 U.S.C. § 2101(d); Jimenez v. Quarterman, 555 U.S. 113, 129 S. Ct. 681, 685-686, 172 L. Ed. 2d 475 (2009).

On or about February 10, 2010, petitioner filed in the County Court a *pro se* motion pursuant to Section 440.10 of the New York Criminal Procedure Law ("the first 440.10 motion"),

2

seeking to vacate his judgment of conviction on the ground that the pre-indictment delay of nearly nineteen (19) months deprived him of due process and violated his state constitutional right to prompt prosecution. By order dated March 2, 2010, the County Court denied petitioner's first 440.10 motion. People v. Waters, No. 1710-2007 (N.Y. Co. Ct. Mar. 2, 2010) (Braslow, J.). On June 2, 2010, the Appellate Division denied petitioner's application pursuant to Sections 450.15 and 460.15 of the New York Criminal Procedure Law for a certificate granting leave to appeal to that court from the March 2, 2010 order of the County Court. People v. Waters, No. 2010-02840 (2d Dept. June 2, 2010) (Angiolillo, J.).

On or about August 31, 2010, petitioner filed in the Appellate Division an application for a writ of error coram nobis seeking to vacate, on the ground of ineffective assistance of appellate counsel, the Appellate Division's May 19, 2009 order. By order dated March 1, 2011, the Appellate Division denied petitioner's application for a writ of error coram nobis. People v. Waters, 82 A.D.3d 796, 917 N.Y.S.2d 905 (2d Dept. 2011). On September 1, 2011, the New York State Court of Appeals denied petitioner's application for leave to appeal to that court from the March 1, 2011 order of the Appellate Division. People v. Waters, 17 N.Y.3d 862, 932 N.Y.S.2d 28, 956 N.E.2d 809 (N.Y. 2011).

On or about October 14, 2010, petitioner filed in the County Court a second *pro se* motion pursuant to Section 440.10 of the New York Criminal Procedure Law ("the second 440.10 motion"), seeking to vacate his judgment of conviction on the ground that he was denied the effective assistance of trial counsel. By order dated December 6, 2010, the County Court denied petitioner's second 440.10 motion. People v. Waters, No. 1710-2007 (N.Y. Co. Ct. Dec. 6, 2010) (Braslow, J.). On May 13, 2011, the Appellate Division denied petitioner's application

pursuant to Sections 450.15 and 460.15 of the New York Criminal Procedure Law for a certificate granting leave to appeal to that court from the December 6, 2010 order of the County Court. People v. Waters, No. 2011-01143 (2d Dept. May 13, 2011) (Angiolillo, J.).

On or about August 20, 2012, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds: (1) that the pre-indictment delay of nineteen (19) months violated his Fifth Amendment due process rights (Ground One); and (2) that he was denied his Sixth Amendment right to (a) the effective assistance of trial counsel (Ground Two), and (b) the effective assistance of appellate counsel (Ground Three).

Respondent now moves to dismiss the petition as untimely. Petitioner has not filed any opposition to the motion, nor sought an extension of time to do so. In addition, petitioner did not complete the section in his form petition indicating: "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[]" (Petition, ¶ 18).

II. DISCUSSION

A. Limitations Period

A petition for a writ of habeas corpus filed by a person in state custody is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA establishes a one (1)-year statute of limitations for state prisoners seeking federal habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1); see Gonzalez v. Thaler, 132 S. Ct. 641, 652, 181 L. Ed. 2d 619 (2012). Pursuant to the AEDPA, the limitations period runs

4

> "from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Only subparagraph (A) is applicable here, so petitioner's judgment became final on December 30, 2009, when his time for pursuing direct review in the Supreme Court expired. See Gonzalez, 132 S. Ct. at 653-54. Thus, pursuant to the AEDPA, petitioner had until January 1, 2011 to file any habeas petition in this Court.

B. Statutory Tolling

Section 2244(d)(2) of the AEDPA provides:

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Thus, "[t]he one-year clock is stopped * * * during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" Wood v. Milyard, 132 S. Ct. 1826, 1831, 182 L. Ed. 2d 733 (2012) (quoting Day v. McDonough, 547 U.S. 198, 201, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006)); see also Lawrence v. Florida, 549 U.S. 327, 331, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (holding that AEDPA's "limitations period is tolled while a state prisoner seeks postconviction relief in state court.")

"[A] state court petition is 'pending' from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures." Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009) (alterations, quotations and citation

omitted). "[S]tatutory tolling for the purposes of AEDPA ends with the 'filing' of the state court's final order * * *." Id. at 549. "[T]he AEDPA limitations period is not tolled during the time in which a petition for a writ of certiorari to the United States Supreme Court could have been filed with respect to a state collateral motion * * *." Id. at 548; see also Lawrence, 549 U.S. at 332, 127 S. Ct. 1675.

An application seeking a writ of coram nobis is "a means of 'collateral attack,'" Wall v. Kholi, 131 S. Ct. 1278, 1284, 179 L. Ed. 2d 252 (2011), and, thus, the limitations period is tolled during the pendency of such an application in state court. Likewise, a properly filed 440.10 motion tolls AEDPA's limitations period. See Pratt v. Greiner, 306 F.3d 1190, 1191 (2d Cir. 2002).

With respect to petitioner's judgment of conviction, the limitations period ran from January 1, 2010 until February 9, 2010, a total of forty (40) days, but was tolled from February 10, 2010, when petitioner filed his first 440.10 motion, through and including June 2, 2010, when the Appellate Division filed its decision denying petitioner's application for leave to appeal to that court from the County Court's order denying his first 440.10 motion. The limitations period again ran from June 3, 2010 until August 30, 2010, a total of eighty-nine (89) days, but was tolled from August 31, 2010, when petitioner filed his application for a writ of error coram nobis, through and including September 1, 2011, the day the New York Court of Appeals filed its decision denying petitioner's application for leave to appeal to that court from the Appellate Division's order denying petitioner's application for a writ of error coram nobis.[1] Since a total of

---

[1] Since petitioner's second 440.10 motion was both filed and decided while his application for a writ of error coram nobis was pending, there is no additional tolling period resulting from the pendency of petitioner's second 440.10 motion.

one hundred twenty-nine (129) days had already run when the last of the applicable tolling periods ended on September 1, 2011, petitioner had only two hundred thirty-six (236) days commencing September 2, 2011, or until April 24, 2012, within which to file any petition for habeas relief in this Court. Since petitioner did not file his habeas petition until August 20, 2012, three hundred fifty-four (354) days from September 2, 2011[2], the petition is untimely.[3]

        C.      Equitable Tolling

The limitation period may also be tolled for equitable reasons. See Holland v. Florida, 130 S Ct. 2549, 2560-62, 177 L.Ed.2d 130 (2010); Rivas v. Fischer, 687 F.3d 514, 537-38 (2d Cir. 2012); Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011). To be entitled to equitable tolling, a petitioner must demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); see also Harper, 648 F.3d at 137 ("To be eligible for equitable tolling, a petitioner must demonstrate 'extraordinary circumstances beyond his control' that prevented him from timely filing his petition." (quoting Baldayaque v. United States, 338 F.3d 145, 151 (2d Cir. 2003)). "The term 'extraordinary' refers not to the uniqueness of [the petitioner's] circumstances, but rather to the severity of the obstacle impeding compliance with [AEDPA's]

---

[2] 2012 was a leap year.

[3] A total of four hundred eighty-three (483) days ran from the date petitioner's judgment of conviction became final and the filing of his petition for habeas relief in this Court. Thus, petitioner's petition was filed one hundred eighteen (118) days after AEDPA's limitations period had expired.

7

limitations period." Harper, 648 F.3d at 137; see also Rivas, 687 F.3d at 538 ("Whether a circumstance is extraordinary depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the petitioner endeavoring to comply with AEDPA's limitations period." (quoting Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008)).

Equitable tolling is available only in "rare and exceptional circumstances," Harper, 648 F.3d at 136, where the petitioner "demonstrate[s] a causal relationship between the extraordinary circumstances. . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010), cert. denied, 132 S. Ct. 190, 181 L.Ed.2d 98 (2011) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)); see also Harper, 648 F.3d at 137 (holding that in order to secure equitable tolling, the petitioner must demonstrate that extraordinary circumstances caused him to miss the original filing deadline). "[A] petitioner seeking equitable tolling of AEDPA's limitations period must demonstrate that he acted with reasonable diligence throughout the period he seeks to toll." Harper, 648 F.3d at 138 (quotations and citation omitted); see also Holland, — U.S. —, 130 S. Ct. at 2565 ("The diligence required for equitable tolling purposes is reasonable diligence, * * * not maximum feasible diligence." (internal quotations and citations omitted)). The determination of whether equitable tolling is appropriate must be made on a case-by-case basis. Holland, — U.S. —, 130 S. Ct. at 2563; see also Jenkins, 630 F.3d at 305 (recognizing that "equitable procedure demands flexibility in the approach of equitable intervention.")

None of the circumstances warranting equitable tolling are present here. Petitioner has

8

not even alleged, much less established, *inter alia*, that any extraordinary circumstance beyond his control prevented him from timely filing his habeas petition in this Court. Accordingly, respondent's motion to dismiss the petition is granted and the petition is dismissed in its entirety with prejudice as time-barred.

III.  CONCLUSION

Respondent's motion to dismiss the petition is granted and the petition for a writ of habeas corpus is dismissed in its entirety with prejudice as time-barred. The Clerk of the Court is directed to enter judgment in favor of respondent, to close this case and to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the order to the *pro se* petitioner at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(a)(2), a certificate of appealability is denied, as petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. §2253.

SO ORDERED.                    s/ Sandra J. Feuerstein

                               _____
                               SANDRA J. FEUERSTEIN
                               United States District Judge

Dated: July 21, 2013
       Central Islip, New York

9